The next case on our calendar is United States of America v. John Afriyie. Oh, I can't reach that, Troy. Troy, I need you to hand it to me. Thanks. I can't hear you. I can't hear. I cannot hear. I'm sorry. Oh, Mr. Cope is on video. You have to write. Yes. OK, so this case, I've called the case and the plaintiff appellant is Robert Culp talking to us by video. Good morning, Mr. Culp. Good morning, Your Honor. Robert Culp assigned counsel for Appellant 3. I do thank the court for allowing me to appear remote for purposes of this argument. This is an appeal following a remand for reconsideration of restitution in light of the Supreme Court decision in Lagos v. United States. Vacate restitution of $511-some-thousand-odd dollars in corporate attorney's fees on the ground that Lagos no longer permits recovery for such fees. Or alternatively, because restitution for responses to SEC document requests, witness preparation, and preparation of the restitution request are not necessary expenses under the MVRA. Which item do you object to? Those last three, we object to all of those. Those are the alternative grounds. The first ground is that we don't think attorney's fees are recoverable at all after Lagos. Haven't we treated them as other expenses in our cases? Yes. If I had to distill my argument to one point, it is that Lagos is, unlike the prior cases of this court, such as Amato, Lagos is now strictly construing the MVRA, specifically Section B-4. Are you, counsel, counsel, can you hear me? Yeah, I have a lot of background. I apologize. Are you saying that Lagos has, in effect, overruled our prior cases? That Lagos did something, but has it completely overruled our prior cases? Or are you saying that we should read the Supreme Court in going in this direction, and so that we should take steps to limit our prior cases by whatever means we have available, but that Lagos did not directly make our prior cases not be applicable? I have to give you a nuanced answer to that. I apologize. Lagos did abrogate this court's Amato decision. In part. In part, to the extent that it was awarding attorney's fees that, if I can put it this way, predated government investigation. It did not abrogate that part component of Amato that concerns attorney's fees during or in response to the government investigation, as it were. But I am saying that it's very important to read Lagos as ushering in strict or narrow, if you will, interpretation of this statute. Under Lagos, what, if any, attorney's fees would be recoverable, do you think? In this case? We say none. That is our primary… You say Lagos cuts off all attorney's fees. Yes, and that's the part of Lagos that relates to the Doctrine of Statutory Construction, known as Nosotere Socius. I hope I'm pronouncing that right. That's the section of Lagos that says, you know, that recovery should be of a like and a kind of the other references in the statute, such as… Lagos says that, but then Lagos talks about criminal governmental investigations. It talks about criminal as against civil. It talks about any number of other things, which then become much more dubious in terms of this case. So my question is, do we read Lagos to do that specific thing that only things that are like child care expenses and so on are now allowed? Or do we read Lagos to say that means that volunteer type of attorney's fees, consulting fees, and so on are no longer allowed? Or do we need it to say that anything that is civil, even the SEC lawyer fees are not allowed? There's language in Lagos about each of these. So what are we to read Lagos to do? Right. Well, we are taking alternative positions. Our first position is Lagos does not allow attorney's fees at all. And we concede that that is not the strict holding of Lagos, but we believe that that is the force of the entire opinion, both the holding and the reference to the statutory interpretation doctrine I just said. Alternatively, we do challenge the three disputed categories of restitution in this case, and some of them for the reasons you just stated, Your Honor. For example, we do not believe there should be recovery for attorney's fees related to responding to the SEC document request. Although in this case, the SEC counsel, in this case, the SEC investigation was identical to the U.S. Attorney's investigation. There wasn't duplicate recovery. They were doing the same thing for the two agencies. Well, the district court intimated that I don't know if they were identical. They're intertwined or whatever. Symbiotic. They were symbiotic. Symbiotic. Yes. The SEC, as you often see in these kinds of cases, is operating on a parallel track to the U.S. Attorney's office. But as I've pointed out in my brief, you can look at these timesheets in the restitution request, and you can separate out the ones that relate to the SEC from the ones that relate to the SDNY. So they're not identical, and I think the district court went too far in treating them as such. I mean, Lagos did say it is the holding of Lagos that these restitution requests have to be related to the criminal case. Well, they said that in one part, and in another part they said governmental. And, you know, that opinion can be read as really very narrow, that something which is entirely voluntary by a defendant doesn't get compensated. Or it can be read as broadly as you're suggesting. But what do you want us to do, given that we are bound by our precedents? We have to go through a complicated procedure to get rid of our precedents. Do you want us to do that? What, you know, I don't know what, Lagos is there and suggests a change in attitude to the Supreme Court. But I've given up trying to read their minds long ago. So what is it you want us to do? Well, I want you to vacate the restitution order in this case, and I want you to write an opinion that takes Lagos to its next logical step and says that attorney's fees aren't recoverable, period. And says that because of Lagos we can ignore our precedents. The Fifth Circuit, I don't ask you to be that cynical. I mean, I've cited cases to you that say that the court records great deference to Supreme Court dictum, for example. I don't pay deference to Supreme Court dictum unless I like it, and I really do. Even the government's cases which are making, the government's making a similar point to what you just made, Your Honor. Even their cases say that if a precedent of this course is placed into doubt by a decision of the Supreme Court, then it becomes open to reversal. And I think the court should do that. The Fifth Circuit did it in the case that's hard to pronounce, Cutsis Athanas. They did exactly that. They followed what I'm calling the lead of Lagos, and I would ask this court to do the same. So you're asking us to, you're asking in effect for a carte blanche rule just denying recovery of all attorney's fees. Yes. Well, what about this hypothetical? A victim of a crime was, say, an undocumented alien, and the U.S. Attorney's Office, the FBI, wants him to come in and assist with the prosecution and tell him what he saw, what happened to him, et cetera, et cetera. He says to himself, look, I don't want to wade into that if it may result in my getting deported or something, so I'm going to go meet with an attorney and figure out what I should do and get advice from an attorney. He shouldn't be able to recover those attorney's fees? I don't think so, Your Honor. If it's not of a likened kind of lost income, necessary child care, transportation, something that is a direct offense, I'm not, I may be appreciating all the nuances of your hypothetical, but we are saying that voluntarily incurred attorney's fees. What you're saying is here is something that is not dischargeable in bankruptcy and so weighs on people forever, and anything that smacks of voluntariness in that is something that the defendant shouldn't have to pay. That's the, you know, if you want, the policy thrust that you're reading into Lagos, and that would help, you know, that would help you, but I'm not sure, I'm not sure what I can do. Congress is free to respond to Lagos or to the Fifth Circuit decision or whatever and to change things, but I think the Supreme Court quite responsibly is reviewing this criminal statute narrowly and leaving it to Congress to fix if necessary. Now, I just want to go back and say that if the court doesn't like my broad proposal about attorney's fees entirely, to at least vacate this restitution order on the grounds that, for example, SEC fees are civil, related fees are civil in nature and should not be recoverable, and also the fees related to preparation of witnesses. As the district court in the First Circuit case, Chan, said that that's the government's job to prepare, not private law firms, and if the victim in this case wants to hire a well-heeled firm to prepare witnesses, I don't think the defendant should have to pay for that. Thank you, counsel. Your time has expired, but you've reserved two minutes for rebuttal. We'll hear from the government. Tell us what Lagos allowed and what it didn't allow, counsel. Yes, may it please the court. Edward Imperatore for the government. I represented the government below in the district court, both for the trial and sentencing, and in this court for both appeals. Why should Mr. Furey pay for the preparation of witnesses? With respect to the preparation of witnesses, Your Honor, nothing in the statute or Lagos prohibits the victim from recovering those expenses. Those were necessary other expenses in the context of this case. But that interpretation of the statute makes it limitless. If you say it's necessary, where do you go? If necessary, both Lagos and the text of the statute carry no weight under that, do no work under that interpretation. We disagree, Judge Parker, and that is because Judge Engelmeyer carefully reviewed the record. He looked, and this is against the recommendation of defense counsel, he looked at each and every one of these expenses in the timesheets, and he considered it and he found, and he's entitled to discretion in his finding, that those were necessary expenses in the context of this case. But doesn't Lagos, at the very least, tell us that we should be extraordinarily cautious in what we find to be necessary? Doesn't Lagos effectively say this is not a desirable way of reading this statute? And we haven't gotten rid of everything that you've done before, but be careful because these cases have gone too far. We disagree, Judge Calabresi. In Lagos, the court considered a separate clause under Section 3664. It was the investigation or prosecution clause. The court did not consider the clause that is at issue on this appeal, which is the other expenses clause. And I think, Judge Calabresi, your honor is correct that the court says some different things in different places, and there is arguably some dicta where the court in Lagos said that investigation may refer to a criminal investigation. However, nothing in Lagos overrules this court's precedent in Amado. Amado expressly holds that attorneys' fees are recoverable, and certainly the standard here is not met for revisiting that. There is no inconsistency, incompatibility, or conflict between Amado and Lagos, particularly given that the cases are looking at different clauses of the statute. Do you think that if we ruled your way, we are creating a conflict with the Fifth Circuit or not? No, your honor, and I think— That's unfortunate. No, because if we could create a conflict with the Fifth Circuit, there would be a chance that the Supreme Court would tell us what the heck it's doing. Well, we do not see a conflict in the Fifth Circuit case for a couple of different reasons. First of all, the Fifth Circuit did not consider Amado. It wasn't bound by Amado, and it certainly didn't consider Judge Pooler's precedent in the Bahel case either. And in that case, the court was looking at a sweeping request for a 44-member digital security team. It wasn't clear in the context of that case whether those expenses were incurred at the request of the government or for some other reason. Here, by contrast, the victim made three targeted requests. All of those expenses were incurred after the initiation of the criminal prosecution. Two really have nothing to do with Lagos, the preparation of victims and attending restitution proceedings. And the third was one that is entirely consistent with Lagos. So we don't see tension there. I don't understand why this man is entitled to pay—can be required to pay witness preparation fees. That's your job. It's your job to prepare witnesses you put on the stand in a government proceeding, in a criminal proceeding. Judge Parker, Your Honor is correct that the government does prepare witnesses, and we did in this case, but that does not mean that the victim is not entitled to recover for legal fees it incurs. And I think Judge Pooler's decision in Bahel is instructive. In that case, the defense made the argument that the victim should not have been allowed to retain a prominent New York law firm to undertake certain legal work. And Judge Pooler considered that and, writing for the panel, said, well, that's not the standard. The standard is not whether the victim should be compelled or has no other option. The standard is whether those are necessary expenses. And I think the court's— But that was before Lagos. And Lagos tells us something about what is going on in these cases. So can't we at least read Lagos to say that what is necessary now must be something which is so necessary to what the government is doing that this isn't volunteering? We disagree, Your Honor. And I think—and I want to also just make the point it doesn't matter here, and I'll get to that in a second. But, again, the court in Lagos considered a different clause. It expressly did not consider any of the three categories of expenses here. Under this court's binding precedent, they're all recoverable. But I just want to make the—and I'm sorry to— I agree. I agree that it doesn't. But we are able to say that where a Supreme Court decision doesn't directly overturn some of our prior decisions, it casts enough doubt on them so that we can decide it in another way, probably letting the rest of the court know, but without going in back. I mean, we do have some leeway when the Supreme Court without directly overruling. So the question that Judge Parker is asking is shouldn't one at the least read Lagos as saying something about what is part of governmental work that means that necessary now has to be reconsidered? We disagree, Your Honor. There's no inconsistency or incompatibility. But here's the point that's dispositive to this appeal. The facts in this case and the findings of Judge Engelmeyer are dispositive. This panel doesn't need to make a sweeping pronouncement about witnesses— Well, look, we're not up here just for fun. But, of course, Judge Parker, but let me— We want to do something to earn our hefty salaries. I understand, Judge Parker. I want to focus on the facts here because those are going to be dispositive. With respect to the witness expenses, there were four witnesses who testified in this trial. Each and every one of those witnesses was a necessary witness. The defense has made no argument that any particular expense incurred by private counsel was unnecessary and, in fact— The problem is your interpretation of necessary is so expansive that if it were ever adopted, it would basically eviscerate our ability to police the operation of this statute. It's so expansive, I can't speak for my colleagues, but on your theory, I don't find it particularly helpful. But, again, Judge Parker, that interpretation is entirely consistent with Maynard. It's consistent with Judge Pooler's decision in Bahel. But it's not consistent with my reading of Lagos. Again, Your Honor, Lagos was addressing a separate clause, and Judge Engelmeyer did a line-item review of each and every one of these expenses. He certainly did. He certainly did, and Judge Engelmeyer is a very able judge. But Judge Engelmeyer, if I read his opinion, read Lagos as narrowly as he possibly could because he said he was bound by the precise language of our prior cases. And, of course, a district judge is. But that doesn't mean that we are bound to read those cases in that way after Lagos. You might find, I'm not speaking for her, that Judge Pooler says, yeah, I said that in that case, but that was pre-Lagos. Judge Engelmeyer can't do that. So does Lagos change the terrain in which we decide what's necessary, and especially with regard to attorney's fees? It does not. It only changes the terrain insofar as it abrogates the recovery of attorney's fees for expenses incurred in a private investigation. If we feel that way, one thing we could do is send it back to Judge Engelmeyer and say, do what you did, but don't feel that you are bound by the precise language and thrust of what we did in those earlier cases. You are now free to look at necessary in a broader way. Because he couldn't do it before. He sees these cases. He says, I got to follow. He used necessary as his lodestar, didn't he? Didn't he? Well, he certainly determined whether these were necessary other expenses. Right. So he didn't ignore the necessary attest. That's what he was looking at. It was, but I think the broader point, Judge Pooler, is that he already did what Judge Calabresi is proposing. He didn't say, oh, I'm throwing Lagos out the window or I'm construing this unnecessarily narrowly. He looked broadly at these expenses. He determined whether they qualified as necessary other expenses. And he determined, as the judge who presided over the entire prosecution and the trial and the sentencing, that, in fact, they were necessary other expenses. What better judge to decide what's necessary than one who sat through the trial? I'm sorry, Judge Pooler. I didn't catch your question. I said, what better judge to decide what's necessary than one who presided over the trial? Yes, I agree. He's the one who witnessed the two-week trial in this case. He saw the witnesses testify. He was aware of the document requests that were made by the SEC and the government. And he was the one who was most familiar with the case. Take a minute before you have to leave the podium and explain to me why representing the victim in connection with the post-verdict restitution proceedings is something that the victim should pay. Sure. So that is entirely consistent, as Judge Engelmeyer correctly noted, with this statute, with Section 3664A, insofar as the sentencing is part of the prosecution of the case. It's textually consistent with the statute. There is certainly nothing in Lagos that prohibits that sort of expense. And it makes sense in the context not only of this case, where there were complex issues of restitution that were being raised, but one can imagine that this is an important rule that should apply across the board. Even in the case of an ordinary victim, perhaps a robbery victim, or an ordinary investor whose money is stolen in a scheme, it's important for victims to be able to consult legal counsel so that they can ensure that their rights are being advanced in the restitution proceeding. That is exactly what this court in Maynard was concerned about. And I think it's implicit in Your Honor's ruling in Vahel. And certainly other district courts that have considered this issue, both the Chen and the Knappout case, have held that those . . . And Lagos didn't specifically talk about post-verdict restitution proceedings. I think my recollection is that those cases may have, but I think the larger point, Judge Pooler, is that it's consistent with the statute. Lagos does not in any way interfere or infringe on that sort of a ruling. And it's important with respect to the purpose of the MVRA that the victim be allowed to consult counsel in ensuring that their interests are being advanced in the restitution proceeding. Unless the court has any further questions. Thank you, counsel. We'll hear . . . Mr. Cope has reserved two minutes. So, I . . . Your Honor, the policy argument I just heard, that it's important to . . . for victims to be able to consult legal counsel, of course, that's true. It is important for victims to consult legal counsel. And those arguments were made in Lagos. And Lagos says, well, we don't construe the statute to guarantee that. Now, their holding was limited to the precise situation where the victim consulted counsel before the government got involved. But they did reject that policy argument as not being unlimited. And I think, as Your Honors were saying in some of your questions before, I think that there's got to be a limitation on some of these points. What do you think it should be? Well, if . . . Like I said, I'm giving you an easy way out by agreeing with the Fifth Circuit and just taking attorney's fees off the table. But if you don't want to do that, then I think the key word is necessary in the statute. And I totally disagree that it's necessary in a white-collar case to bring in a private firm to prepare witnesses. That's the government's job. And I . . . Is it necessary for somebody to do the post-restitution things? No. I think, by definition, that's something that the victim in this case chose to do. And I don't know why you get compensated for that choice and get to call it necessary. So I realize that Judge Engelmeyer has all of this institutional knowledge of this case. He sat through the trial and so forth. But I don't think that the statutory term necessary has been conferred upon him to decide in all cases. In situations like this, the statutory term becomes almost meaningless. If you just bring in a big . . . He cut out some of the expenses. So he was looking at what was really necessary. Don't you agree? He cut out about $100,000 in expenses that he deemed was not necessary. The victim cut those out in their renewed proposal because they 100 percent fell under the holding of Lagos. Because they were pre-government investigation attorneys fees. So I don't think there was any choice in the matter there. Now, with respect to the things that are still disputed, they are, as we've been discussing, more along the lines of what I think is the ultimate thrust of Lagos, but something that goes beyond the precise holding, which is what those $150,000 were. I don't think there was any choice with regard to those. Any conclusion? I was amused by Judge Calabresi's remark that maybe we could have a split in the circuits and get back in the Supreme Court on this. I'd rather have you just agree with the Fifth Circuit. You don't need to go to the Supreme Court. You just agree with the Fifth Circuit and take attorney's fees off the table and have Congress change it. And I just wanted to point out I was looking at the Fifth Circuit opinion while my adversary was arguing, and I noticed that they invoked Judge Friendly. And I know that Judge Friendly is in there in the courtroom with you along with Judge Hand. So I think we should all join Judge Friendly and the Fifth Circuit and agree with them and take its fees off the table. Thank you, Counsel. Thank you, Counsel. Very interesting. We'll reserve decision.